IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARLENE LUJAN as parent and next
friend of MICAH LUJAN, a minor child,

    Plaintiffs,

v.                                                           Civ. No. 03-0745 MV/RLP

BILL MOON, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's motions to compel discovery from the Defendants. Having read the parties' submissions, the court finds that with few exceptions the requests for discovery are granted.

Micah Lujan, a minor and student at Santa Fe High School, suffered a broken leg allegedly at the hands of Defendant Moon and two other Defendants. Plaintiff has also sued individual members of the Santa Fe School Board for failing to adequately train or supervise Mr. Moon, whom Plaintiff contends had a history of inappropriate behavior with students. Plaintiff's causes of action arise under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, NMSA (1978) §§ 41-4-1, *et seq.*

1.     **Defendant Bustos**. Plaintiff moves to compel answers to <u>Interrogatories 4, 5, and 11</u>. These interrogatories request information concerning his prior employment, including disciplinary action, and any training and supervision he has received at the Santa Fe Public Schools. The answers are incomplete. Defendant Bustos shall serve complete, verified answers to these interrogatories within ten (10) days of entry of this

order.

2.      **Defendant Lopez**.  Interrogatory No. 4 requested employment information and the answer referred the questioner to her personnel file.  This answer is improper. A party may not refer the interrogator generally to a file; the documents produced in lieu of an answer must be identified specifically.  In sum, a party may either answer the interrogatory under oath, or produce and identify specific documents which contain the requested information.  *Starlight Internat'l, Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999).  It is similarly improper to refer to a deposition for the information sought.  *Id.*

Interrogatory No. 5 requested whether Defendant Lopez had ever been disciplined, involuntarily placed on leave, etc.  The interrogatory was objected to on the ground that it was not calculated to lead to discoverable evidence and an invasion of privacy.  The question is directly relevant to the cause of action and does not constitute an "invasion of privacy."

Defendant Lopez shall have ten (10) days to answer Interrogatory No. 4 under oath or produce the specific and relevant documents in lieu of an answer; and ten (10) days to answer Interrogatory No. 5 under oath.

3.      **Defendant Rendón**  Interrogatory No. 4 requested employment information and the answer referred the questioner to her personnel file.  This is improper; *see* ¶ 2, *supra*.

Interrogatory No. 7 asked for "each and every occasion" Defendant had been a party to a lawsuit or administrative proceeding.  The interrogatory is objected to because it was unlimited in time.  The court agrees that the question, as written, is overbroad and

2

should be limited in time.

Interrogatory No. 11 asked for incidents for which Defendant was investigated for disciplinary infractions, violations of policy, etc. Her response was "never as an individual." The court agrees this is a vague and confusing answer. If Defendant has been investigated, and she is aware that she was investigated, she must answer the question under oath within ten (10) days.

Interrogatory No. 12 asked for specifics about Defendant's actions after the incident at issue in this case. The court agrees the answer is incomplete and evasive. Defendant must answer the question as written under oath within ten (10) days.

3. **Defendant Santa Fe Public Schools Board of Education (the "Board")**

Interrogatory No. 2 requested identification of certain individuals. No objection was made; the answer merely said it was the policy not to give out such information. This is improper and the answer shall be given under oath within ten (10) days.

Interrogatory No. 5 asked the Board to identify a specific individual; the answer was "We are still looking." If the Board did not have the information at the time the interrogatory was answered, it should say so. The Board is reminded of its continuing duty to supplement interrogatories as information becomes available. The Board shall have ten (10) days to provide Plaintiff with an answer, under oath, of the information it has to date.

Interrogatory No. 6 asked for information concerning investigations of Santa Fe Public School employers. The Board objected on the grounds of overbreadth and not likely to lead to discoverable evidence. The Board referred Plaintiff to the Defendants' personnel files. The Interrogatory seeks information which could be relevant to

3

knowledge, practice, procedure, etc. These are relevant issues in this lawsuit. As stated in ¶ 2, *supra*, a general reference to documents is improper. The answer shall be provided, under oath, within ten (10) days.

Interrogatory No. 9 sought information concerning some specific training provided to Santa Fe High School employees. The answer is general and nonresponsive and improperly refers to a policy manual and a videotape, the latter never having been produced. *See* ¶ 2, *supra*. The interrogatory shall be answered completely, under oath, within ten (10) days; the policy manual shall be highlighted when it provides specific answers, and the videotape shall be produced if it is responsive to this interrogatory.

Interrogatory No. 12 sought information about training given to specific individuals. The answer is general and nonresponsive. The answer shall be provided, under oath, within ten (10) days.

Interrogatory No. 15 sought identification of written policies about the use of force against students. Plaintiff states that one of the manuals referred to has not been produced in response to this interrogatory. Defendants shall produce the manual within ten (10) days.

Interrogatory No. 16 asked about specific hiring practices. The answer referred generally to documents, which is improper. *See* ¶ 2, *supra*. The interrogatory shall be answered, under oath, within ten (10) days.

Request for Production No. 3 sought documents created during or as a result of any incident responsive to Interrogatories 3, 4, 6 and/or 7. Those interrogatories concerned complaints and investigations. The RFP was objected to on the grounds of overbreadth,

4

confidentiality, and unavailability and then seemed to refer Plaintiff to a list of claims. The RFP is overbroad and confusing. The response is confusing. Plaintiff's counsel argues she has narrowed the request in a letter. Plaintiff should serve a narrowed RFP and Defendant Board shall either produce the document(s) or raise a valid objection.

Request for Production No. 4 asked for documents relating to the incident at issue, which documents were produced. Later, during depositions, Plaintiff learned of documents that had not been produced. Plaintiff now want these documents produced. The court reminds Defendants of their obligation to produce documents and not state in response to a motion to compel that Plaintiff got documents at a deposition and could have gotten more if they'd deposed another individual. The court also reminds Defendants of their continuing duty to supplement responses as information becomes available. Defendants are instructed to produce all documents in response to RFP No. 4 within ten (10) days.

Requests for Production No. 8 & 13 sought a video tape and a marijuana pipe, respectively. Apparently the video has been promised but not produced and the pipe has been seen but not found. Defendants are reminded of their duties under the rules of discovery: they must produce the items within their possession, custody, or control and they have a continuing duty to supplement responses (and produce items) as they become available or "found." The Board will produce the items in its possession; if an item has not been located, a statement to that effect, together with an acknowledgment of its continuing duty to supplement will be served on Plaintiff within ten (10) days.

At this time, the court will not award Plaintiff any costs or fees or impose other sanctions. However, counsel for the above Defendants is put on notice that to serve

5

incomplete answers or responses to discovery requests and then to provide more information in subsequent letters, which are merely counsel's statements and not the parties' verified responses, is contrary to the Federal Rules of Civil Procedure and will subject Defendants to sanctions if this occurs in the future. Counsel for Plaintiff may take depositions necessitated by Defendants' incomplete or inadequate responses.

4. **Defendant Moon**. Interrogatory No. 2 requested information about Defendant Moon's current and former spouses and information regarding how these marriages, if any, were terminated. Defendant objected on the ground that the information was not likely to lead to discoverable evidence. Plaintiff argues that Defendant's current wife may have some contact with the Board. This interrogatory is clearly a mere fishing expedition and harassing and Defendant Moon need not answer Interrogatory No. 2.

Interrogatory No. 3 seeks employment information and the interrogator was referred to Defendant Moon's personnel file. This is improper. *See* ¶ 2, *supra*. The interrogatory shall be answered within ten (10) days or, in lieu of an answer, specific documents showing where the information is contained may be produced in the same ten (10) days. In either event, the answer or production shall be verified.

Interrogatories 4, 5 & 8 seek information about past employment, past disciplinary matters, and current and past licensing, respectively. Plaintiff states that the responses to all three interrogatories are incomplete and that counsel for this Defendant attempted to supplement the information in a letter signed by counsel. Defense counsel is reminded of his duty to have his client answer unobjectionable interrogatories in full, under oath, and of the continuing duty to supplement responses as information becomes available or is

6

found to be inadequate.  Defendant Moon will answer all three interrogatories in full, under oath, within ten (10) days.

<u>Requests for Production Nos. 2, 4 & 13</u>.  Documents were requested, the requests were not objected to, but the information was either incomplete, referred Plaintiff to "personnel files," or Defendant stated he didn't have a copy.  When a discovery request is served and the party served does not file an objection, he is required to produce any and all documents in his possession, custody, or control.  He may even have to inconvenience himself by requesting copies from an entity if he does not have immediate possession.  Defendant Moon shall produce all documents in his possession, custody, or control which are responsive to these requests; he will not refer generally to already produced items, but will attach specific documents pertaining to these requests, and he shall produce these documents within ten (10) days.

No fees are awarded or sanctions imposed, but counsel for this Defendant is reminded of his duties under the Federal Rules of Civil Procedure and his failure to do so may subject his client to sanctions in the future.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion to Compel Defendants Moon, Bustos, Lopez, Rendón, and the Santa Fe Public Schools Board of Education [Doc. 46] is granted as stated herein.  Defendants' responses are due within ten (10) days of entry of this Order.

IT IS SO ORDERED.

                                             /s/ Richard L. Puglisi
                                             _____
                                             Richard L. Puglisi
                                             United States Magistrate Judge

For the Plaintiff:        Mary C. Han, Esq.

For Defendants Bustos, Lopez, Rendón, and the Santa Fe Public Schools Board of Education:
        Nancy E. Nickerson, Esq.

For Defendant Moon:     Jerry Walz, Esq.
For Defendant Moon